# N. Y. SUPERIOR COURT.

CASPER SPIESS, plaintiff and appellant, agt. CONSTANTINE
Rosswog and HYPOLITE C. Rosswog, defendants and
respondents.

*Partnership — Lease — Trust — Leases held by partnerships part of good will
of business — Expectation of renewal of the leases remains with the power of
disposition of good will — Neither party can sever such expectancy for his
own interest after dissolution.*

Where a partnership firm are in possession of premises under certain
leases held in the firm name where they carry on business, the interest
of each partner in the leases is a part of the good will of the business
and is a copartnership asset.

Where the partnership is dissolved by one of the partners by a notice,.
and after such dissolution the partner so dissolving procures a renewal.
of the leases in his name and the name of a new partner for a term
of years:

*Held*, that the expectation of renewal of the leases remained with the
power of disposition of the good will of the business, and neither party
can sever such expectancy for his own interest after dissolution, and the
common and joint interest of the firm still remain even after dissolution.

*General Term, April*, 1882.

*Before* SEDGWICK, *C. J., and* FREEDMAN, *J.*

APPEAL by plaintiff from a judgment dismissing the plain-
tiff's complaint, entered upon a decision of a judge at special
term.

The action was for judgment that the defendants should be
declared to hold, as trustees for a firm, certain leases obtained
by them in their own name.

The plaintiff and one of the defendants, Constantine Ross-
wog, were copartners in business under the firm name of
Spiess & Rosswog. The firm held leases, to end May 1, 1881,.
of the premises, in part of which the firm business was done.
On December 31, 1880, the partnership was dissolved, as the
judge found. On January 3, 1881, the partners agreed to

carry on the liquidation of the business together upon the premises occupied by the firm, to work up the old stock and dispose of it. On January 14, 1881, the defendant Constantine Rosswog and his son, the codefendant, who had knowledge of the circumstances, procured new leases of the premises for three years from May 1, 1881. The complaint was dismissed.

*D. M. Porter* and *George H. Kracht*, for appellant.

*Olin, Rives & Montgomery*, for respondents.

Sedgwick, *C. J.* — The fact in this case which the learned counsel for the respondents argues distinguishes it from those cases in which the partner, taking a renewal of the partnership leases, has been held a trustee of the firm, is that the defendant Constantine Rosswog obtained them after the firm was dissolved. This dissolution did not annul or change those relations between the parties which are the basis of the obligation in such cases. After the dissolution the original leases remained partnership property for the purpose of liquidation. The obligation of each partner to deal with them, not for his individual benefit but for the common or joint interest, remained. The trust as to the use of the partnership property remained attached to these leases, as part of their value was the so-called expectation of renewal. This is deemed so actual and vital that when a new lease is had it is considered to be a graft upon the old. If there had been in the old lease a covenant for renewal the defendant could not defend his taking the benefit of that individually, any more after than before the dissolution, while it remained the subject of division or disposition between the parties. The parties were not mere tenants in common when sometimes each may act for himself, as it has been pointed out; there were mutual obligations extrinsic of the mere nature of the tenancy. Indeed, in looking at the case it appears that the title to the térm was not nominally in the individuals, but in the firm of Spiess &

Rosswog. The influence of this becomes stronger when the relation of the firm leases to the good will of the business is considered. The good will was an asset of the firm and to be disposed of for the common benefit of the partners. It substantially was the probability that the customers of the old firm would resort to the successors of that firm. The value of the good will would be materially affected by the successors of the firm being able, or not being able, to do the business in the same premises. It is proper, then, that the expectation of renewal should remain with the power of disposition of the good will, and that neither party should sever them for his own interest, or if he do obtain the new lease he should hold it for the firm that the two may be disposed of together. On the argument nothing was placed on the fact that the new leases were to the son of Constantine Rosswog and the latter. The rights of the parties were not affected by that. For these reasons I am of the opinion that the judgment should be reversed and a new trial ordered, with costs of appeal to appellant to abide event.

FREEDMAN, J., concurs.